ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D C.-Atlanta

NOV 19 2004

LUTHER D. THOMAS, Clerk
By, _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Robbie Hillis, **Individually and on behalf of all persons similarly situated,** | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| **Equifax Consumer Services, Inc. and Fair Isaac, Inc.,** | ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION
FILE NO.

**1 04 CV 3400**

CLASS ACTION

*BBM*

## CLASS ACTION COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, Robbie Hillis, individually and on behalf of all others similarly situated, and brings this his Class Action Complaint against the defendants, Equifax Consumer Services, Inc. ("Equifax") and Fair Isaac, Inc. ("Fair Isaac") (sometimes collectively referred to herein as "Defendants")

### I. PRELIMINARY STATEMENT

1    This action is brought as a putative class action on behalf of the named plaintiff, Robbie Hillis, and all individuals in the United States who, at any time within five (5) years prior to the filing of this action, purchased any service from Defendants and who (1) paid Defendants in advance for such service before such service was provided or such service was fully

FORMS RECEIVED
Consent To US Mag
Pretrial Instructions
Title VII etc

performed, (2) did not receive disclosures required by 15 U S C § 1679c, (3) did not receive the written contract, the terms of which complied with 15 U S C. § 1679c, or (4) did not receive a cancellation form and other information required by 15 U.S C. § 1679e Plaintiff alleges herein that Defendant Equifax and Defendant Fair Isaac are credit repair organizations and that they have violated and continue to violate the consumer protection provisions of the Credit Repair Organizations Act, 15 U.S C. § 1679 *et seq* (hereinafter "CROA") Additionally, and/or alternatively, Plaintiff alleges that Defendant Equifax and Defendant Fair Isaac are joint venturers in the acts and omissions and other conduct set forth herein

2       Plaintiff and putative Class Members. by and through their attorneys, allege facts herein upon information and belief except as to allegations specifically pertaining to plaintiff and his counsel, which allegations are based upon personal knowledge, and except as to allegations based upon documents. and based upon the facts alleged below, which are predicated upon plaintiff's counsel's investigation

## II.  PARTIES, JURISDICTION AND VENUE

3       Plaintiff Robbie Hillis is over the age of nineteen years and is a resident and citizen of Jefferson County, Alabama    Plaintiff paid the Defendants monies in advance in return for the Defendants' agreement to

advise him and/or perform services for the purpose of assisting Plaintiff in understanding his credit score and improving same, and/or for the purpose of advising Plaintiff with respect to how to improve his credit score  Although plaintiff agreed to purchase these services, Defendants did not provide plaintiff with a written contract, the terms of which satisfy the requirements of CROA, and did not provide Plaintiff with the notice of cancellation required by CROA, and did not make disclosure of rights as required by CROA  Furthermore, Defendants charged Plaintiff in advance for services before such services were fully performed, in further violation of CROA Plaintiff brings this action on his behalf and as a representative of a class of persons similarly situated

4    Defendant Equifax is a corporation organized under the laws of the State of Georgia, is authorized to do business in Georgia, and has its principal place of business in Atlanta, Georgia    Defendant Equifax's registered agent for service of process in Atlanta, Fulton County, Georgia is Kent Mast, 1550 Peachtree Street, N W , Atlanta, Georgia    30309 Defendant Fair Isaac is a corporation organized under the laws of the State of Delaware, is authorized to do business in Georgia and has its principal place of business in either the State of California or the State of Minnesota. Defendant Fair Isaac's registered agent for service of process in Atlanta,

Fulton County. Georgia is CT Corporation System. 1201 Peachtree Street. N E . Atlanta, Georgia 30361

5    This Court has original jurisdiction over this matter pursuant to 28 U S C. § 1331 in that this action arises under the laws of the United States, specifically under CROA, 15 U S C. § 1679 et seq This Court has jurisdiction pursuant to 28 U S.C §§ 2201 and 2202 to declare the rights and obligations of the parties. including but not limited to, to declare that Defendant Equifax and Defendant Fair Isaac are credit repair organizations pursuant to CROA, and to award such other relief as is proper and necessary under the circumstances.    This Court also retains its inherent powers, including its equitable powers, to issue an injunction to stop the unlawful conduct alleged herein

6    Venue is proper in this district in that Defendant Equifax is a Georgia Corporation with its principal place of business in Atlanta, Fulton County. Georgia Defendant Fair Isaac is a partner or joint venturer with, or an agent of, Defendant Equifax, and is registered to do business in Georgia Defendant Fair Isaac's registered agent is in Atlanta, Fulton County. Georgia    Moreover, the "Product Agreement Terms of Use", which is attached as Exhibit "A" hereto, and which purports to bind the parties herein, contains a forum selection clause designating this judicial district as

the proper venue for this action. Specifically, paragraph 21 therein states that the exclusive venue for proceedings relating to the contract shall be located in the United States District Court for the Northern District of Georgia, Atlanta Division, or in the Superior Court of Fulton County, Georgia.

### III.   FACTS

7      On or about August 13, 2004 Plaintiff entered into an agreement with Defendants on the web site of Defendant Equifax, found at www.equifax.com    Under that agreement, Defendants agreed to sell Plaintiff a service called "Score Power" in exchange for an advance payment of $14.95   Defendants charged that amount to Plaintiff's credit card online on or about August 17, 2004, prior to providing the Score Power service or fully performing the associated services   Said service was advertised on, and was to be and was sold and provided on, instrumentalities of interstate commerce, in particular on the internet

8      Defendant Equifax's internet web site, on which "Score Power" is sold to Class Members and was sold to Plaintiff, states that "Score Power" provides the purchaser with "instant access" to the purchaser's credit scores for a period of 30 days, along with many other features, including (1) an "Interactive Score Simulator to show how your actions may change your

score." and (2)"[s]pecific tips on how to improve your score and a
comparison of your score to the national average " It also includes "helpful
links between your score and your report" and "[a]ccess to Customer Care,
available 7 days a week " Indeed, paragraph 24 of the "Product Agreement
Terms of Use" to which Plaintiff and the Class Members must agree before
purchasing "Score Power" describes "Score Power" as follows –

> SCORE POWER™ PRODUCT Fair Isaac and
> Company, Inc ("Fair Isaac") and Equifax jointly
> provide the Score Power™ Product If You choose
> to purchase this Product You will obtain 1) a copy
> of Your Equifax Credit Report™, 2) Your
> BEACON®/FICO® credit score, calculated from
> the information contained in Your Equifax Credit
> Report™, and **3) an explanation of how a
> creditor is likely to view Your score, the major
> reasons You scored as You did, and <u>information
> about how You may improve Your score over
> time</u>. Your scores may change over time based
> on a variety of factors and We do not guarantee
> that You can improve Your score even if You
> do <u>what is suggested in the explanation</u>.**

Exh A at ¶ 24 (emphases added)

    9    Defendants acted as a joint venture to carry out this business
venture, ie "Score Power" and other similar services, for joint profit, for
which purpose they combined their efforts, property, money, skills and
knowledge pursuant to an agreement that there would be a community of
interest among them as to the purpose of Score Power   These Defendants

joined funds, property, and labor in a common purpose to market, offer, and generate "Score Power" and other similar services with each Defendant having the right, in some measure, to direct the conduct of the other  See for example Paragraph, 8, infra

10    Notwithstanding the labeling by Defendants, Score Power is a continuous and ongoing service  It is not a product

11    Prior to Plaintiff's purchase of the "Score Power" Service, Defendants did not provide plaintiff with a written contract setting forth the terms and conditions of payment for, or for the performance of these services, or the other terms required by CROA  See 15 U S.C. § 1679d  Similarly, before selling the "Score Power" Service to Plaintiff, Defendants did not provide to plaintiff a notice of cancellation or disclosure of rights as required by 15 U S.C § 1679c and 1679e

12    Plaintiff and each Class Member were required to pay Defendants in advance for "Score Power," before the service comprising "Score Power" (for example, the 30-day access period and Customer Care access) were fully performed, in violation of CROA, 15 U.S C § 1679b(b)

13    Defendants also violated 15 U.S.C. §§ 1679b(a)3 and 1679b(a)4 by making or using untrue and/or misleading representations about "Score Power" and by engaging, directly and/or indirectly, in acts,

practices, and courses of business that constitute or resulted in the commission of, or an attempt to commit, a fraud or deception on plaintiff and members of the class in connection with the offer and/or sale of the credit repair services defendant provided and continues to provide Specifically, Defendants have represented explicitly and/or implicitly that they will advise and assist Plaintiff and putative class members in repairing and/or improving their credit record, credit rating, credit score, or credit history with knowledge that such representations are untrue

14    As a direct and proximate result of defendants' wrongful conduct, plaintiff and the class have suffered actual damages under CROA, 15 U S C. § 1679g(a), and the Defendants have been unjustly enriched

## IV.    CLASS ALLEGATIONS AND CLAIMS

15    CROA expressly provides for the maintenance of class actions. See 15 U S.C. § 1579g.  Plaintiff brings this action individually and as a class action pursuant to FED R. CIV P  23 (a) and (b)(3) on behalf of an opt-out class ("Class") defined as follows

> (a)    All persons in the United States who, from five (5) years prior to the filing of this action to the date of final judgment in this action, have paid Defendants any sum of money in advance for "Score Power" or any other similar

8

service purporting to improve or repair a consumer's credit history, credit score, credit rating, or credit record, or for any set of services containing "Score Power"

(b)    Excluded from the class definition are:

    (i)    All judicial officers in the United States and their families through the third degree of relationship.

    (ii)    Defendants and any of their officers, directors, and employees, and any person or entities who has already settled or otherwise compromised their claims against the defendants;

    (iii)    Any person who has filed before final judgment any bankruptcy proceeding; and

    (iv)    Anyone who has pending against the named defendants on the date of the Court's class certification order any individual action wherein the recovery sought is based in whole or in part on the type of claims asserted herein.

16    Defendants' business practices and violations of the law are uniform, and, on information and belief, Defendants have collected advance payments for services from hundreds or thousands of customers in the

United States (including Plaintiff and the class members) in violation of 15 U S C § 1679b(b), and/or Defendants have failed to provide written contracts, notices of cancellation, and disclosures of rights to those customers in violation of 15 U S.C §§ 1679c, d, and e

17    The requirements of Fed R Civ P Rule 23(a), are satisfied because (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class; (3) the claims of Plaintiff are typical of the claims of the class, and (4) Plaintiff will fairly and adequately protect the interests of the class, and he has hired counsel experienced in the prosecution of class actions

18    On information and belief, Plaintiff alleges that the class consists of hundreds if not thousands of persons who have purchased the Score Power services, or similar services

19    Common questions of law and fact exist   The questions of law and fact common to the class predominate over questions which may affect individual class members   These common questions include but are not limited to the following

        (a)    Whether Defendants are "credit repair organizations" for purposes of the CROA, 15 U S C § 1679a(3):

(b) Whether Defendants' sales of "Score Power" or other similar services violated the Act,

(c) How frequently and persistently Defendants failed to comply with the provisions of the Act,

(d) The nature of Defendants' noncompliance with the Act;

(e) Whether and to what extent Defendants' noncompliance with the Act was intentional,

(f) Whether Defendants' conduct caused injury to the plaintiff and members of the class and, if so, the appropriate class-wide measure of damages,

(g) Whether Defendants are liable for punitive damages,

(h) If Defendants are found liable for punitive damages, the appropriate measure of such damages.

(i) Whether Defendants were unjustly enriched by their conduct,

(j) Whether Plaintiff and the class members are entitled to recover prejudgment interest; and

(k) Whether Defendants materially and willfully misrepresented any information CROA required it to disclose to plaintiff and the class members

20     The common issues predominate over any individual issues and represent the most significant issues in the case, and they can be resolved for all members of the class in one action

21.     The named Plaintiff's claims are typical of the claims of each potential class member in that each claim arose as a consequence of interacting with Defendants' web site, and the named Plaintiff and each potential class members were charged for the Score Power (or similar) service prior to full performance and were not provided with the materials required by CROA

22     Plaintiff will fairly and adequately assert and protect the interests of the class, in that

> (a)     Plaintiff has no conflicts of interest with absent class members in the maintenance of this action, and pursues this action for the benefit of the Class; moreover, Plaintiff has no present relationship with any defendant, in either an official or unofficial capacity;

> (b)     Plaintiff, taken in conjunction with counsel, has adequate financial and other resources to conduct this litigation in a manner assuring that the interests of the plaintiff class

will not be harmed: class counsel has agreed and has the ability to advance costs of this litigation, and

(c) Plaintiff has retained counsel who are experienced in class action litigation

23 The requirements of Fed R Civil P. 23(b) (3) are satisfied in that common issues of law predominate over any individual issues, and a class action is the superior method to address the allegations made herein A class action will provide a fair and efficient method of adjudicating this controversy, in that

(a) Common questions of law and fact predominate over any questions affecting only individual class members The common issues are the most significant issues in the case, and can be resolved for all members of the class in one action,

(b) Neither the size of the class nor any other factor makes it likely that difficulties will be encountered in the management of this action as a class action,

(c) The prosecution of separate actions by individual class members, or individual joinder of all class members in

this action, would create a massive and unnecessary burden on the resources of the courts;

(d)     Because of the disparity of resources available to defendant versus those available to individual class members, prosecution of separate actions would work a financial hardship on many class members.

(e)     This action involves the construction and application of a federal statute and not of varying state laws; and

(f)     The damages recoverable for Plaintiff and for any individual class member are relatively small making any individual action a "negative-value" lawsuit, i e, one in which the damages are so small as to make individual actions far too expensive to litigate

## Count One –Violations of CROA
## 15 U.S.C. §§ 1679b(a)(3), 1679b(a)(4), 1679b(b), 1679c, 1679d, 1679e(b) and (c)

24     Plaintiff restates and incorporates in this Count One the factual allegations of each and every preceding paragraph as if fully set forth herein

25     CROA defines a "credit repair organization" as follows

The term "credit repair organization" – (A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide or perform (or represent that such person can or will sell, provide, or perform) any service, in return for

the payment of money or other valuable consideration, for the express or implied purpose of – (i) improving any consumer's credit record, credit history, credit rating, or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i) .

15 U.S C § 1679a

26     Defendants are "credit repair organizations" within the meaning of CROA   Indeed, Defendants' agreement with Plaintiff and with other putative class members specifically states that "Score Power" contains "an explanation of how a creditor is likely to view Your score, the major reasons You scored as You did, **and information about how You may improve Your score over time.** Your scores may change over time based on a variety of factors and We do not guarantee that You can improve Your score even if You do **what is suggested in the explanation** "  Defendants' own contracts with Plaintiff and the Class Members admit that Score Power contains personalized "suggest[ions]" and advice for improving the purchaser's credit scores   In light of Defendants' statements and actions, Plaintiff prays that the Defendants be estopped from denying they are subject to CROA

27     Defendants are not subject to any of the exclusions from the definition of "credit repair organization" listed in 15 U S C § 1679a(3)(B)

28    CROA, at 15 U.S.C § 1679b(b), provides· "No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization agreed to perform for any consumer <u>before such service is fully performed</u>." (emphasis added)

29    Defendants' uniform business practice is to advertise for and/or solicit business on the internet and to charge fees for "Score Power" and other similar services, including but not limited to services in which "Score Power" is bundled with other services, in advance of performing services, in direct contravention of 15 U.S C § 1679b(b). Defendants did in fact charge Plaintiff and the putative class members in advance of the performance of such services, including but not limited to the 30 day access period and 7 days a week Customer Care component, and thus violated 15 U S C § 1679b(b).

30    Defendants have also repeatedly violated 15 U.S C § 1679b(a)3 and 4 by making or using untrue and/or misleading representations about defendants' services and by engaging, directly and/or indirectly, in acts, practices, and courses of business that constitute or resulted in the commission of, or an attempt to commit, a fraud or deception

on plaintiff and members of the class in connection with the offer and/or sale of the credit repair services defendants provided and continue to provide

31.     CROA, at 15 U S C § 1679d, further requires the execution of a written contract prior to the performance of any services   Such contracts must include  (1) the terms and conditions of payment, including the total amount of all payments to be made by the consumer to the credit repair organization or to any other person, (2) a full and detailed description of the services to be performed by the credit repair organization for the consumer, including − (A) all guarantees of performance, and (B) an estimate of − (i) the date by which the performance of the services (to be performed by the credit repair organization or any other person) will be complete  or (ii) the length of the period necessary to perform such services; (3) the credit repair organization's name and principal business address, and (4) a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows. 'You may cancel this contract without penalty or obligations at any time before midnight of the 3rd business day after the date on which you signed the contract '"   Further, the Act requires that each such contract include a cancellation form and that the consumer be provided with a copy of the contract. *See* 15 U S C § 1679e

32    15 U.S.C § 1679c requires that. before any consumer enters into a contract with a credit repair organization, the consumer must be provided with a disclosure explaining the consumer's rights and responsibilities with regard to the consumer's credit report  The form of the disclosure is set forth in said subsection of the Act.

33    Defendants did not provide Plaintiff with the required disclosures listed in paragraphs 31 and 32 above.  On information and belief, Defendants have not provided any class members with said disclosures.  The Defendants have failed to comply with the foregoing provisions of the Act with regard to plaintiff and the class  Further, the above actions were done deliberately or with reckless disregard for the laws of the United States

34.    As a proximate cause of defendants' actions. plaintiff and the class members were injured and damaged. such damages being no less than the amount paid Defendants in advance for Score Power and other similar services, plus interest

## Count Two – Unjust Enrichment

35    Plaintiff restates and incorporates in this Count 2 the factual allegations of each and every preceding paragraph as if fully set forth herein

36    Defendants hold money, which in equity and good conscience and under law, belongs to Plaintiff and the Class Members because it was improperly and unlawfully paid to Defendants

37.    Defendants should be required to disgorge all money described in paragraph 36 above and the Court should impose a constructive Trust as to said money and return it to Plaintiff and the Class Members

## V.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays as follows

38    That the Clerk issue summons to Defendant Equifax, and require that the summons and Complaint be served on said Defendant via its registered agent, Kent Mast, 1550 Peachtree Street, N W., Atlanta, Georgia 30309;

39    That the Clerk issue summons and additional summons to Defendant Fair Isaac, and require that the summons and Complaint be served on said Defendant via its registered agent, CT Corporation System, 1201 Peachtree Street, N E., Atlanta, Georgia  30361,

40    That Plaintiff, individually and on behalf of the Class, recover from Defendants, all monies paid by Plaintiff to Defendants in the relevant time period for services such as "Score Power" and other similar services

and that the Court impose a constructive Trust as to said monies until returned to Plaintiff (and the putative Class),

41      Plaintiff, individually and on behalf of the class, prays for actual and punitive damages in an amount to be awarded by a jury as provided for in 15 U.S C § 1679g.

42.     Plaintiff, individually and on behalf of the Class, seeks an order that this class may be maintained as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and as contemplated by 15 U S C § 1679g

43      Plaintiff, individually and on behalf of the class, invokes 28 U S C §§ 2201 et seq and seeks an order declaring Defendants subject to CROA, and declaring Defendants' practices in violation of CROA, and seeks further necessary and proper relief, including but not limited to, declaring that all contracts with defendants are void pursuant to 15 U.S C. § 1679(c), requiring that Defendants undertake to account for all the monies received as a consequence of its wrongful practices and ordering that disgorgement of such monies is appropriate, and issuing appropriate injunctive relief to stay the unlawful practices alleged herein

44      Plaintiff, individually, and on behalf of the Class, further seeks permanent injunctive relief (a) prohibiting defendants from violating the

Credit Repair Organization Act and (b) requiring defendants to conform their practices to comply with all applicable provisions of the Credit Repair Organizations Act.

45    Plaintiff, individually, and on behalf of the Class, further seeks reasonable attorney's fees, costs and expenses of this action as provided for in 15 U S C § 1679g

46    Plaintiff, individually, and on behalf of the Class, prays that for prejudgment interest

47    Plaintiff, individually, and on behalf of the Class, further prays for such other, further and proper relief to which he and the class members may be entitled.

48    Plaintiff, individually, and on behalf of the Class, prays that judgment be entered in favor of Plaintiff and against the Defendants, jointly and severally, in accordance with the aforesaid prayers

## JURY DEMAND

Plaintiff requests a trial by jury on all questions of fact raised by his complaint

POPE, McGLAMRY, KILPATRICK,
MORRISON & NORWOOD, LLP

C Neal Pope
Georgia Bar No 583769

Wade H Tomlinson, III
Georgia Bar No 714605
1111 Bay Avenue, Suite 450
P O Box 2128 (31902-2128)
Columbus, Georgia 31901
(706) 324-0050
(706) 327-1536 (Facsimile)
Michael L. McGlamry
Georgia Bar No 492515
The Pinnacle, Suite 925
2455 Peachtree Road, N E
P O. Box 191625 (31119-1625)
Atlanta, Georgia 30326-3243
(404) 523-7706
(404) 524-1648 (Facsimile)

MILBERG WEISS BERSHAD
 & SCHULMAN LLP
Melvyn I Weiss
Michael C Spencer
One Pennsylvania Plaza
New York, NY 10119
212 946-9450
212 273-4395 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**