IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 08 2007

By JAMES N HATTEN, Clerk
Deputy Clerk

| | |
|---|---|
| ROBBIE HILLIS, individually and on behalf of all persons similarly situated, | CASE NO. 1:04-CV-3400-TCB |
| Plaintiff, | |
| v. | **CLASS ACTION** |
| EQUIFAX CONSUMER SERVICES, INC. and FAIR ISAAC CORPORATION, | |
| Defendants. | |

AND

| | |
|---|---|
| CHRISTY SLACK, Individually and On Behalf of All Persons Similarly Situated,, | CASE NO. 1:07-CV-314-TCB |
| Plaintiffs, | |
| vs. | **CLASS ACTION** |
| FAIR ISAAC CORPORATION and MYFICO CONSUMER SERVICES, INC., | |
| Defendants. | |

## ORDER

The parties in the above–styled cases have filed a Motion to Consolidate

Cases, for Preliminary Approval of Class Action Settlement, and for Approval of

Notice Plan and, in addition, a Motion for Certification of Settlement Class.[1] Having read and considered the Motions and accompanying materials, and for the reasons set forth below, the Motions are GRANTED.  For purposes of this Preliminary Approval Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

## BACKGROUND

Plaintiff Robbie Hillis filed a putative class action in the United States District Court for the Northern District of Georgia (1:04-CV-3400-TCB) on November 19, 2004, naming as Defendants Equifax Consumer Services, Inc. and Fair Isaac Corporation.  Shortly thereafter, Plaintiff Christy Slack filed a putative class action in the United States District Court for the Northern District of California (No. 3:05-CV-00257-MHP), naming as Defendants Fair Isaac Corporation and MyFICO Consumer Services, Inc.  The claims in both cases arose out of the purchase of certain offerings made available on the Defendants'

---

[1] As this Order is in contemplation of settlement, Defendants Equifax Consumer Services, Inc., Fair Isaac Corporation and MyFICO Consumer Services, Inc. do not move for but do not oppose the motion for certification of a settlement class.  All parties reserve their respective arguments regarding the appropriateness of class certification in the event this settlement is not finally approved.

websites, www.equifax.com and www.myfico.com, and out of the statements and representations made thereon in other promotional materials.  Both cases allege violations of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679 et seq. (the "CROA"), and further allege the Defendants were unjustly enriched.  In Slack, the Plaintiff also alleged violations of the California Credit Services Act of 1985, Cal. Civ. Code §§ 1789.10 et seq.

Both of these cases have been vigorously and fully litigated.  In Hillis, the parties engaged in extensive written and deposition discovery, including and/or resulting in multiple sets of interrogatories and requests for admission, the production of tens of thousands of pages of documents, and over 15 depositions. Discovery concluded, and Plaintiff Hillis moved for class certification and for partial summary judgment.  The parties in the Slack case engaged in similarly extensive discovery, and in addition, they agreed that a significant amount of the documents, depositions and other discovery developed in Hillis could be used in Slack.  As in Hillis, Plaintiff Christy Slack moved for class certification and for partial summary judgment.   In both cases, the respective Courts conducted numerous hearings and issued numerous Orders.

## CONSOLIDATION FOR SETTLEMENT

Actions can be consolidated where any issue of fact or law is common. See Fed.R.Civ.P. 42. Because these two cases involve a common Defendant (Fair Isaac), offerings that in many instances contain the Score Power component jointly developed and provided by Equifax and Fair Isaac and which can be purchased both on www.equifax.com and www.myfico.com, some overlap in the classes each Plaintiff seeks to represent, and at least one common issue of law and fact concerning the Defendants' status as credit repair organizations, the Court hereby GRANTS the parties' motion to consolidate for settlement. Such consolidation will further both the interests of judicial economy and the policy favoring settlement. See In re Oil and Gas Litig., 967 F.2d 489 (11th Cir. 1992); accord Cotton v. Hinton, 559 F.2d 1326 (5th Cir. 1977). If the proposed Settlement is not finally approved, these two cases will, upon either Plaintiff's motion, be severed, and, upon Christy Slack's motion, the Slack case will be transferred back to Judge Patel in the Northern District of California.

## CERTIFICATION OF A SETTLEMENT CLASS

The Plaintiffs have moved for, and the Defendants do not oppose, the certification of a settlement class. In so doing, the parties request that the Court first vacate the class certification portions of the Court's ruling on Plaintiff Hillis'

4

Motion for Class Certification.  See Hillis v. Equifax Consumer Services, Inc. and Fair Isaac Corporation, 237 F.R.D. 491 (N.D. Ga. 2006).  In light of the parties' proposed settlement and Plaintiff Hillis' Motion for Reconsideration filed on September 1, 2006 (which was argued on October 13, 2006 and which is hereby DENIED as Moot, subject to reinstatement if the settlement is not finally approved), the Court hereby VACATES the class certification portions of its August 18, 2006 Order.

Even in the settlement context, this Court must determine whether, in the proper exercise of its discretion, this action should proceed as a class action.  See Anchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997); Bennett v. Behring Corp., 737 F.2d 982 (11th Cir. 1984).  See also Fed.R.Civ.P. 23.  Having presided over the Hillis action, and upon review of the motion and supporting papers, the Court hereby GRANTS Plaintiffs' unopposed motion to certify a settlement class. Pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), the Court certifies the following class.

> "All consumers residing in the United States who, between November 19, 1999 and February 8, 2007, entered into an agreement with any of the Defendants to purchase any of the Offerings, paid

any of the Defendants for that Offering but did not later obtain a complete refund from any source, and received said Offering."

      a.     "Offering" as used above is defined as "those products or services that are offered by Equifax or Fair Isaac for sale to consumers in return for the payment of money and are further identified as one of the following (including all components, features, content and variants thereof, regardless of the website from which the purchase is made): Score Power; Credit Watch; Score Watch; 3-in-1 Monitoring; Credit Rankings with Score Power; Credit Rankings with 3 in 1 with Score Power; Credit Rankings with Credit Report; Credit Rankings with 3 in 1; 3-in-1 with Score Power; Score Power by mail; Credit Watch by mail; FICO® Score (with Equifax, TransUnion or Experian reports); FICO® Deluxe; Suze Orman FICO® Kit; CreditSync; and Credit Advantage."

      b.     Exclusions from the Settlement Class shall include: "(i) all judicial officers in the United States and their families through the third degree of relationship; (ii) all officers, directors, employees or counsel of the Released Parties; (iii) all persons who have already settled or otherwise compromised their claims against the Defendants; (iv) all persons who Opt-Out; and (v) all persons who have pending against any of the

Defendants on the date of entry of the Preliminary Approval Order any action wherein the recovery sought is encompassed by the Released Claims."

The Court finds and concludes, for purposes of settlement only, that the prerequisites to class action certification under Fed. R. Civ. P. 23(a) have been satisfied in that: (a) the number of Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the proposed Class Representatives Robbie Hillis and Christy Slack are typical of the claims of the Class they seek to represent; and (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Class. "Class Counsel" means: Pope, McGlamry, Kilpatrick, Morrison & Norwood, LLP, who are the attorneys of record for Hillis, Slack and the Settlement Class in the *Hillis* and *Slack* actions; and Battle, Fleenor, Green, Winn & Clemmer LLP, who are the attorneys of record for Slack and the Settlement Class in the *Slack* action.

The above-described class includes several million persons. Clearly, that number of persons makes joinder impracticable. There exist common questions of law and fact. Both Defendants have admitted they do not comply with certain statutory requirements that apply to credit repair organizations – while denying

that they fall within the definition of a credit repair organization under the CROA, denying all claims alleged and denying that Plaintiffs' claims could be certified as a class action for trial purposes.  This common fact and common defense means that certain questions of law and fact are common, including but not limited to, whether the Defendants are credit repair organizations under the CROA and whether the Defendants' statements about the offerings made available for sale on their websites are untrue and/or misleading.  Plaintiff Hillis and Plaintiff Slack's claims are typical of those of the absent class members. Plaintiff Hillis purchased Score Power on www.equifax.com, and Plaintiff Slack purchased the Suze Orman FICO Kit on www.myfico.com.  Both Plaintiffs' claims, as well as those of all absent class members, arise out of similar internet transactions.  Finally, Plaintiff Hillis and Plaintiff Slack will fairly and adequately represent the interests of absent settlement class  members.  Neither has any interest antagonistic to the interests of absent settlement class members.  Both Plaintiffs have been working with their attorneys in the preparation and prosecution of these cases.  Both Plaintiffs have been deposed.  Both Plaintiffs have retained competent and experienced counsel to represent them and the putative class.  The Court hereby finds and concludes that Robbie Hillis and

Christy Slack are adequate pursuant to Fed.R.Civ.P. 23(a)(4) and that Pope, McGlamry and Battle, Fleenor are adequate to serve as Class Counsel.

The Court finds and concludes, for purposes of the settlement only, that the prerequisites to class action certification pursuant to Fed. R. Civ. P. 23(b)(3) have been satisfied in that: (a) the questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (b) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. As discussed above, the common question predominating over any others is whether the Defendants are credit repair organizations pursuant to the CROA. For settlement purposes, class action resolution of the claims here at issue is a superior means to resolve the dispute. The Court's initial concerns about the potentially disproportionate damages as compared to the harm sustained are addressed through the proposed settlement. In light of the proposed settlement, the Court need not address the question of manageability. See Amchem Prods., Inc. v. Windsor, supra, 521 U.S. at 619.

## PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

This Court must approve any disposition of this action, and in particular, the Court must examine the proposed settlement of a class action for its fairness,

reasonableness and adequacy, and must ensure that the settlement is not the product of collusion. See Fed.R. Civ. P. 23. See also Bennett v. Behring Corp., supra, 737 F.2d at 986. The Court can consider the stage of the proceedings at which the settlement was achieved, the likelihood of Plaintiff's success at trial, the range of possible recoveries, the complexity and expense and likely duration of continued litigation, any opposition to the settlement and the opinions of class representatives and class counsel. See In re Motorsports Merchandise Antitrust Litig., 112 F.Supp.2d 1329 (N.D. Ga. 2000); In re Domestic Airlines Antitrust Litig., 148 F.R.D. 297 (N.D. Ga. 1993); Bennett, 737 F.2d at 986. At this stage of the proceedings, and pending consideration of filings in support of final approval and a hearing on said final approval, the Court must consider whether to issue an order preliminarily approving the settlement and the procedures associated therewith, including but not limited to, notice to the proposed settlement class. Having read and considered the materials presented, and for the reasons set forth below, the Court hereby GRANTS the motion for preliminary approval of settlement.

The proposed settlement provides that class members will receive at no cost or other obligation to them either 3 months or 6 months of an offering called Score Watch, which is offered for sale by both Equifax and Fair Isaac. It monitors

a consumer's Equifax credit file and FICO® score, and provides up to two Equifax Score Power reports.   The current retail value of Score Watch™ is approximately $7.95-$8.95 per month.  This relief is worth approximately $24.00 (3 months) or $48.00 (6 months).   Those class members who purchased a qualified offering from only Equifax or Fair Isaac will receive Score Watch free for 3 months; those who purchased two qualified offerings, one from Equifax and one from Fair Isaac, will receive Score Watch free for 3 months from each of the Defendants (for a total of 6 free months).   Considering the risks associated with this litigation, which are substantial considering the Court's expressed views on the construction of the CROA, and the range of possible recoveries, which range from $0 to the cost of the offering purchased (which in many instances here is less than the proposed free relief), the Court preliminarily finds the proposed relief within the range of possible recoveries.

To receive the free Score Watch, the class member need only authenticate his or her personal information to assure the privacy of each class member.  The Court finds this procedure, as described in the Agreement and as explained in the proposed Notice, to be reasonable.

In addition to the free Score Watch, the Defendants also have agreed to change their websites and, in some situations, the offerings available thereon.

11

The Court finds preliminarily that these changes address the Plaintiffs' claims and inure to the benefit of the certified Class and future purchasers. Some of the changes are as follows:

a.      Defendants have agreed to restrictions on terms used in the Offerings and marketing and advertising literature for the Offerings.

b.      Defendants have agreed to provide an explanation regarding the general nature of the simulated score associated with the Score Simulator.

c.      Defendants have agreed to provide a disclaimer that Defendants are not credit repair organizations or similarly regulated organizations.

d.      Defendants have agreed to notify Contractual Associates of the terms of the injunctive relief, and to modify contracts with those Contractual Associates to incorporate the terms of the injunctive relief.

e.      Defendants have agreed to provide specified links to free consumer information on their websites.

f.      Fair Isaac has agreed to make certain changes to the Suze Orman FICO® Kit and to the marketing and advertising literature for this offering.

As stated previously, the Court has presided over the <u>Hillis</u> action, and thus, the Court is aware of the litigation efforts of the parties and their counsel. The Court also regularly has been informed of the ongoing settlement negotiations and of the hard fought and sometimes contentious nature of those negotiations.  The Court preliminarily finds that there is no evidence of fraud or collusion, and further finds that all of the factors identified previously favor preliminary approval.

## APPROVAL OF NOTICE AND SETTLEMENT ADMINISTRATOR

Also, the Court finds the proposed Notice plan – involving E-mail Notice, a Long Form Notice posted on the settlement website, follow-up Postcard Notice, and a reminder Notice – to be reasonable, to satisfy due process, and to constitute the best notice practicable under the circumstances of this litigation. <u>See</u> Fed.R.Civ.P. 23.  Virtually all of the transactions at issue in these two cases were consummated on the Internet.  The law is increasingly supporting the use of e-mail to disseminate class notice, particularly where the conduct at issue was conducted via the internet.  <u>See</u>, <u>e.g.</u>, <u>Fine v. America Online, Inc.</u>, No. 97CV118102 (Ct. of Common Pleas, Lorain County, Ohio); <u>Frank Chavez v. Netflix, Inc.</u>, CGC-04-434885 (Superior Ct., San Francisco, California); Brian

Walters, "Best Notice Practicable" in the Twenty-First Century, 2003 UCLA J.L. & TECH. 4 (2003); Jordan S. Ginsberg, Comment, Class Action Notice:  The Internet's Time Has Come, 2003 U. CHI. LEGAL.F. 739; Jennifer Mingus, Note, E-Mail:  A Constitutional (and Economical) Method of Transmitting Class Action Notice, 47 CLEV.ST.REV. 87 (1999).    Thus, the Court approves the form, substance and requirements of:  Exhibit "2" (the "Email Notice"), Exhibit "3" (the "Postcard Notice"); and Exhibit "4" (the "Long Form Notice"); and Exhibit "5" (the "Notice of Eligibility", or "Reminder Notice").    The Court also approves Exhibit "6" (the "Authentication Form").

The Court also approves the selection of Garden City by Defendants as the Settlement Administrator.  The Settlement Administrator and Defendants shall construct and maintain the Settlement Website, on which copies of the Settlement Agreement, the Long-Form Notice, and other documents important to the case shall be kept.  The documents will be available for Settlement Class Members to view and print, but Class Members will not be able to post their own materials on the website.  The Settlement Administrator and Defendants will cause the Settlement Website to be registered with Google so that appropriate queries on Google will yield a link to the Settlement Website.  The Settlement Administrator must ensure the website is operational by March 5, 2007.

The Settlement Administrator and Defendants shall cause the approved Email Notice, in a form substantially similar to that attached as Exhibit "2" to the joint Motion, to be sent by email to each Settlement Class Member at each member's last known email address in the customer databases of Equifax and/or Fair Isaac, to the extent such address is available.  The approved Email Notice will direct recipients to the Settlement Website, www.hillisslacksettlement.com, which will display the entire approved Long-Form Notice (Exhibit "4").  Sending of the approved Email Notice must be completed by March 9, 2007.   The Settlement Administrator will monitor the transmissions of the Email Notice, and if an email is returned to the sender because it could not be delivered ("bounced-back"), Defendants and the Settlement Administrator may, if they deem it useful, cause the Email Notice to be re-sent.

In the event that each Email Notice sent to a particular Settlement Class Member is "bounced back," or no email address is located, the Settlement Administrator and Defendants shall cause the approved Postcard Notice, in a form substantially similar to that attached as Exhibit "3" to the joint Motion, to be sent via first class known mailing address.  The Defendants shall cause the last known mailing addresses to be updated by the Settlement Administrator utilizing the National Change of Address ("NCOA") process as licensed by the

U.S. Postal Service. The Settlement Administrator will re-mail the Postcard Notice via first class to updated addresses of Settlement Class Members to the extent that it receives address change notifications from the U.S. Postal Service. The emailing and mailing of notices pursuant to this subsection will be completed by March 30, 2007. The Settlement Administrator is directed to preserve the email and postal mail tapes used in the notice program.

The Court specifically finds that neither the <u>Slack</u> case nor the <u>Hillis</u> case is governed by the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332, 1446, and 1453. In that regard, the CAFA became effective on February 18, 2005. <u>Id</u>. The Hillis case was filed on November 14, 2004; the Slack case was filed on January 18, 2005. Accordingly, both cases were filed prior to the CAFA's effective date. Neither case was amended to add new parties or claims, accordingly, the CAFA and its additional notice provisions do not apply to the settlement of these consolidated cases.

## PROCEDURE FOR EXCLUSION, OBJECTION, AND INTERVENTION

Any Person falling within the definition of the Class may, upon request, be excluded from the Class, in the manner set forth in the Long-Form Notice. All Members of the Class who do not timely request exclusion from the Class in the form and manner set forth in the Long-Form Notice will be bound by the

Settlement provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting the Class, whether favorable or unfavorable to the Class.  Class Members requesting exclusion from the Class shall not be entitled to receive the free Score Watch described in the Settlement Agreement and Notice.

Any Member of the Class who has not requested exclusion from the Class may appear at the Final Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; or why Class Counsel's application for an award of attorney fees and reimbursement of litigation expenses should not be granted; provided, however, that no member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered approving the same, or the attorney fees and reimbursement of litigation expenses requested, unless by May 4, the Class Member files with the Clerk of the Court and serves upon Class Counsel and Defendants' Counsel written objections and copies of any supporting papers and briefs as provided in the Long-Form Notice.  Persons who intend to object to the Settlement and/or Class Counsel's application for an award of attorney fees and litigation expenses, and desire to present evidence at the Final Fairness Hearing,

must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Fairness Hearing.

Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, or the attorney fees and reimbursement of litigation expenses requested.

Class Counsel shall submit their papers in support of their application for attorney fees and reimbursement of litigation expenses by no later than April 20, 2007. Class Counsel and/or Defendants shall submit their papers in support of final approval of the Settlement by May 25, 2007.

## FINAL FAIRNESS HEARING

A Final Fairness Hearing shall be held before the undersigned on June 4, 2007, at 10:00 A.M. in the United States District Court for the Northern District of Georgia, Atlanta Division, Courtroom 1708, Richard B. Russell Federal Building and Courthouse, 75 Spring Street SW, Atlanta, Georgia 30303-3361, on the fairness, reasonableness, and adequacy of the proposed settlement set forth in the Settlement Agreement and on the request of Class Counsel for attorneys' fees

and costs.  Settlement Class Members who have not excluded themselves from the class but who have timely filed a proper written objection and complied with the other requirements set forth in the Long-Form Notice and this Order may appear at the Final Fairness Hearing in person or by counsel and be heard.  The Court will also consider any properly filed written objections.

The Court expressly reserves the right to adjourn the Final Fairness Hearing, or any adjournment thereof, without any further notice other than an announcement at the Final Fairness Hearing, or any adjournment thereof, and to approve any modification requested by the parties to the Settlement Agreement and without further notice to Class Members.

The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement Agreement.

Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the submissions or negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind.

If any of the specified conditions in the Settlement Agreement relating to the Effective Date of the Settlement are not satisfied or if the Plaintiffs or Defendants terminate the Settlement Agreement for any reason provided in that

document, then the Settlement Agreement and this Order shall be null and void, of no further force and effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceeding by any person or entity, and each party shall stand in the same procedural position as if the Settlement and the Settlement Agreement had not been negotiated, made, or filed with the Court.

IT IS SO ORDERED, this __8th__ day of February, 2007.

_____
TIMOTHY C. BATTEN, SR.
United States District Judge

Order Prepared By:


ATTORNEYS FOR PLAINTIFF

**POPE, McGLAMRY,
KILPATRICK, MORRISON &
NORWOOD, LLP**
C. Neal Pope
Georgia Bar No. 583769
Wade H. Tomlinson, III
Georgia Bar No. 714605
1111 Bay Avenue, Suite 450
Columbus, Georgia  31901
Telephone: (706) 324-0050
Facsimile:  (706) 327-1536


Michael L. McGlamry
Georgia Bar No. 492515
The Pinnacle, Suite 925
2455 Peachtree Road, N.E.
Atlanta, Georgia  30326-3243
Telephone:  (404) 523-7706
Facsimile:  (404) 524-1648


**BATTLE FLEENOR GREEN
WINN & CLEMMER LLP**

Wilson Green
The Financial Center
505 North 20th St., Suite 1150
Birmingham, AL  35203
Telephone:  (205) 397-8160
Facsimile:  (205) 397-8179

ATTORNEYS FOR DEFENDANT
EQUIFAX CONSUMER SERVICES, INC.

**KILPATRICK STOCKTON LLP**
A. Stephens Clay
Georgia Bar No. 129400
Craig E. Bertschi
Georgia Bar No. 055739
Cindy D. Hanson
Georgia Bar No. 323920
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4536
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555


**HOWREY, LLP**

Kenneth M. Kliebard
Todd L. McLawhorn
321 N. Clark Street, Suite 3400
Chicago, Illinois  60610
Telephone:  (312) 595-1239
Facsimile:  (312) 595-2250


ATTORNEYS FOR DEFENDANT
FAIR ISAAC CORPORATION

**GIBSON, DUNN & CRUTCHER, LLP**
Frederick Brown
Jayesh Hines-Shah
Rebecca Justice Lazarus
One Montgomery Street, Suite 3100
San Francisco, CA  94104
Telephone:  (415)393-8204

**MCKENNA LONG & ALDRIDGE LLP**

Phillip A. Bradley
Georgia Bar No: 075137
Samantha M. Rein
Georgia Bar No: 600285
303 Peachtree St., Suite 5300
Atlanta, GA  30308
Telephone:  404-527-8408