IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROBBIE HILLIS, individually and on behalf of all persons similarly situated,** | CASE NO. 1:04-CV-3400-TCB |
| **Plaintiff,** | |
| v. | CLASS ACTION |
| **EQUIFAX CONSUMER SERVICES, INC. and FAIR ISAAC CORPORATION,** | |
| Defendants. | |

AND

| | |
|---|---|
| **CHRISTY SLACK, Individually and on behalf of all persons similarly situated,** | CASE NO. 1:07-CV-314-TCB |
| **Plaintiff,** | |
| v. | CLASS ACTION |
| **FAIR ISAAC CORPORATION and MYFICO CONSUMER SERVICES, INC.,** | |
| Defendants. | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR STAY AND REQUEST FOR INTERIM ORDER AND REQUEST FOR <u>SANCTIONS</u>**

COME NOW the Plaintiff Class and show the Court the following:

## INTRODUCTION

Objectors/Appellants Meredith Whittington and Taren Hill's Motion for a Stay and Request for Interim Order (hereinafter "Stay Motion") is further evidence of the delay, vexaciousness and bad faith perpetrated by the objectors, named counsel, and unnamed counsel. This conduct cannot go unopposed, unaddressed or unsanctioned.

As the Court will see, this motion is a farce as it is absurd on its face. Because of Appellant/Objectors continued effort to delay the finalization of this settlement and to extract payment from the class, and because they are acting in bad faith and perpetrating a fraud upon this Court, Plaintiffs seek sanctions, including, but not limited to, attorneys' fees and costs. Plaintiffs request an expedited hearing and a show cause order issued ordering Ms. Whittington-Bacharach, Ms. Hill and Mr. Bacharach to appear at the hearing on this motion and Plaintiffs' response seeking sanctions. A proposed order is attached hereto as Exhibit "1."

The scam first revealed as a consequence of Plaintiffs' motion to set an appeal bond continues and expands. This Court is now aware that, rather than a legitimate objection filed by concerned class members, we have professional objectors representing disguised family members – utilizing an inexperienced and unwitting front local counsel. Their efforts are not aimed at protecting, enhancing

or furthering class members' recovery.  Rather, their aim is just the opposite – hold up the settlement and recovery to class members in an effort to extract money from the class.[1]

This all started when local attorney, Tom Baynham filed an objection on behalf of Meredith Whittington and Taren Hill.  Mr. Baynham had never represented these individuals.  In fact, he was contacted to represent them by an attorney from Gainesville, Florida, Paul Rothstein,[2] and asked by Mr. Rothstein and Mr. Bacharach to file the objection, although he had never, prior thereto, worked with either of them.  Apparently, it was not disclosed to Mr. Baynahm that Meredith Whittington was in fact, Meredith Whittington-Bacharach, wife of Mr. Bacharach.  Neither Mr. Bacharach nor Mr. Rothstein appeared or applied for pro hac vice admission, and neither was identified by Mr. Baynham as having any involvement in the objection.

---

[1] Plaintiffs hereby adopt the transcript of the August 3, 2007 Bond Hearing; the transcript of the June 4, 2007 Final Fairness Hearing and Plaintiffs Notice Of Plaintiffs' Supplemental Motion For An Order Requiring Objector/Appellant To Post A Bond In Order To Appeal The Final Order Approving The *Hillis* Settlement And For Expedited Consideration Thereof.

[2] Mr. Rothstein apparently jointly or in conjunction with N. Albert Bacharach, Jr., are professional objectors to class action settlements.  In fact, Mr. Rothstein and Mr. Bacharach had been sued jointly by a class in a case pending in Illinois.  Further, the August 3, 2007 transcript identifies a connection between Mr. Rothstein and objector, Taren Hill.

Mr. Baynham appeared at the Final Fairness hearing of June 4, 2007. At that time, counsel for the class introduced all counsel present for the Plaintiff Class, Equifax and Fair Isaac. Specifically, Fred Brown and Rebecca Justice Lazarus were present and identified as attorneys with Gibson, Dunn representing Fair Isaac. They had appeared throughout the litigation in both *Hillis* and *Slack*, along with other members of Gibson Dunn, including Joel F. Sanders and Jayesh Hines-Shah.

Neither Mr. Bacharach, Mr. Rothstein, Ms. Whittington-Bacharach or Ms. Hill appeared at the hearing. Thereafter, the Court granted final approval of the settlement. Mr. Baynham filed a Notice of Appeal, again with no reference to Mr. Bacharach. Plaintiffs, without opposition from the Defendants, filed a Notice Of Plaintiffs' Supplemental Motion For An Order Requiring Objector/Appellant To Post A Bond In Order To Appeal The Final Order Approving The *Hillis* Settlement And For Expedited Consideration Thereof.[3] A hearing was set for August 3, 2007. Objectors/Appellants responded by brief – a brief, Mr. Baynham later admitted was written by Mr. Bacharach.

After filing the Motion for an Appeal Bond and before the August 3, 2007 hearing, Plaintiffs became aware of several significant facts: 1) Mr. Bacharach filed the Civil Appeal Statement in the Eleventh Circuit on behalf of Ms.

---

[3] Equifax also filed a motion to join in the request for the bond.

Whittington and Ms. Hill indicating he, not Mr. Baynham, represented the Objectors/Appellants; 2) Meredith Whittington was in fact, Meredith Whittington-Bacharach; 3) Taren Hill had a prior connection to Paul Rothstein; and 4) Mr. Bacharach and Mr. Rothstein are professional objectors.

The hearing went forward on August 3, 2007. Neither Mr. Bacharach nor Mr. Rothstein appeared to set the record straight for the Court or to explain his conduct. Nor did Ms. Whittington-Bacharach and Ms. Hill appear. Again, it was only Mr. Baynham, who the Court found had done nothing wrong. The Court did find, and based its setting of the $25,000 bond on, among other things, the conduct outlined at the hearing: a) the two objectors deliberately attempted to conceal the true involvement and true source of the objection; b) the objectors intentionally concealed the fact that Mr. Bacharach was a professional objector from the Court; and c) the objectors failed to disclose to the Court other relevant facts.

Despite that ruling and despite their obligation to post a $25,000 bond by Friday, August 10, 2007, instead Objectors/Appellants filed this Stay Motion – a motion without merit, factual basis or truth. This motion is but a furtherance of their continued efforts to "hold up" this case and extract payment. Based on past conduct, it is reasonable to conclude that this motion was prepared by Mr. Bacharach.

5

## **ARGUMENT**

Objectors/Appellants Stay Motion raises only three points, none of which has any merit. Plaintiffs will address these points separately.

1) <u>Objectors/Appellants Seek A Stay On The Imposition Of The Bond</u>

Objectors/Appellants seek a stay on the imposition of the bond and request the Court to take judicial notice that the Court docket reflects notices of appeal being filed by the following absent class members: Karen Shapiro, Joel S. Sanders, Jayesh Hines- Shah, Rebecca Justice Lazarus and Frederick Brown. Further, Objectors/Appellants represented that "Objectors/Appellants Hill and Whittington stand in the same shoes as these other objectors." They went on to say that because of that the bond amount should be recalculated and pro-rated between all of the objectors. Further, they ask the Court to re-visit the bond amount imposed.

This position is absolutely absurd. Mr. Sanders, Mr. Hines-Shah, Ms. Justice Lazarus and Fred Brown are attorneys with the law firm Gibson Dunn who represent Fair Isaac. Karen Shapiro had filed an objection and Notice of Appeal, but on Friday, August 10, 2007, a Joint Motion to Dismiss With Prejudice was filed in the Eleventh Circuit with regard to that appeal. A copy of the motion is attached hereto as Exhibit "2." It is Plaintiffs understanding that Ms. Shapiro will by Tuesday, August 14, 2007, file a notice with this Court of that dismissal.

Despite the fact the Mr. Baynham and Mr. Bacharach have served the attorneys from Gibson Dunn with documents filed in the District Court and the Eleventh Circuit and despite the fact that Mr. Baynham stood in this Courtroom with Mr. Brown and Ms. Justice Lazarus present and identified for the record, the objectors, filed this factually inaccurate motion – and again expose Mr. Baynham as the only signatory.  This reflects not only a lack of knowledge of this case and its participants, but more importantly, reflects a very callous and shallow effort on Objectors/Appellants behalf.  Because there are no other objectors/appellants other than Objectors/Appellants herein, this basis for the Stay Motion is unfounded.  The fact that it was filed setting forth these inaccurate allegations and assertions subject not only the Objectors/Appellants to sanctions but counsel Baynham and Bacharach as well.

2)      <u>Bond Should Be Stayed Because $25,000 Far Exceeds Allowed Rule 7 Cost</u>

The position taken by Objectors/Appellants with regard to this issue is not only wrong and contrary to the facts and law, it was the same argument they utilized in response to the underlying motion for an appeal bond that was rejected by the Court at the August 3, 2007 hearing, which response Mr. Baynham admitted was prepared by Mr. Bacharach.

3.  Objectors/Appellants Reject Interim Order

Objectors/Appellants also petition this Court for and Interim Order allowing them to tender an appropriate amount to the Clerk of the Court representing allowable costs under Rule 7 and requiring class counsel to submit an affidavit with regard to those costs.  Again, this position was briefed and argued, and the Court ruled on it at the August 3, 2007 hearing.  Since Mr. Bacharach has been drafting these motions, he should be asked to appear before this Court to make this argument as opposed to relying on Mr. Baynham, a local lawyer without any experience in class actions or appeal bonds.

## SANCTIONS

Objectors/Appellants conduct including that of Mr. Baynham and Mr. Bacharach is reprehensible.  The concealment, delay, fraud and bad faith by Mr. Bacharach and his wife is palpable and can not go unsanctioned.  But Mr. Baynham is not immune.  He had options after the August 3, 2007 hearing since he had been mislead and was not part of the intentional concealment from the Court on behalf of the Objectors and Mr. Bacharach.  Those options included, a)  Mr. Baynham withdrawing as counsel; b)  Mr. Baynham withdrawing the Notice of Appeal in this Court; or  c) Mr. Baynham refusing to insulate Mr. Bacharach and his clients from the Court.

Objectors/Appellants and their lawyers, named and unnamed, have circumvented and therefore violated the local rules of this Court. LR 83-1, NDGa sets forth the rules for appearance and admission before this Court. Those rules require local counsel, but not just local counsel. The rule contemplates that non-resident attorneys, particularly those who represent clients, prepare briefs, control the tactics and strategy of the case and control the clients, will move to be admitted pro hac vice and pay the prescribed admission fee. That non-resident attorney must designate a local member of the bar of this Court to also appear on behalf of the client. The purpose for this rule is clear. The Court and opposing counsel need a local member of the bar to be accountable for the actions or inactions of the non-resident attorney. Here, however, because Mr. Bacharach remains unnamed as counsel of record, yet controls this litigation and the actions of the clients and because Mr. Baynham pleads ignorance, there is no one accountable either to the Court or to the parties.

Furthermore, the local rules require all lawyers practicing before this Court to comply with the specific rule of practice adopted by this Court, as well as the Georgia Rules of Professional Conduct contained in the Rules and Regulations of the State Bar of Georgia and with the decisions of this Court interpreting these rules and standards. LR 83.1(c ), NDGa. Arguably, Mr. Baynham and Mr. Bacharach have at least violated Rules 1.2, 1.16, 3.3, and 4.1. Copies of these

9

rules are attached hereto as Exhibit "3."  However, because of Mr. Baynham' apparent ignorance and Mr. Bacharach's failure to appear and subject himself to the jurisdiction of this Court, these rules have been ignored.

Instead Mr. Baynham, and only he, signs a motion to pro-rate the appeal bond among the lawyers representing Fair Isaac.  Lawyers he saw in this Court, lawyers introduced in front of him, lawyers he served with his Objection, Notice of Appeal and who Mr. Bacharach served with the Civil Action Statement in the Eleventh Circuit.

Neither this Court nor the parties should have to tolerate this conduct from litigants, let alone their counsel, named and unnamed.  The Court clearly has the power, both inherent and statutory, to put a stop to this.  Furthermore, counsel for Plaintiffs as well as counsel for Equifax and Fair Isaac should be reimbursed their fees and expenses for having to 1) file a motion to set the appeal bond in the first instance; and 2) respond and address this latest ploy by Objectors/Appellants to drag this case out.

The following case law supports a finding of sanctions and an award of attorney's fees and expenses against Objectors/Appellants and their counsel, named and unnamed.  This Court should utilize one or all of the following vehicles to put a stop to this bad faith and vexatious conduct.

A federal district court has always had the inherent authority to stop this conduct, impose sanctions and award attorneys fees and costs. Legal treatises are replete with discussions of this power. *See*, 35B C.J.S. Federal Civil Procedure § 1372, wherein it is stated:

> A federal district court has the inherent authority to award attorney's fees against a party or his or her attorney, or both, when either acts in bad faith, vexatiously, wantonly, or for oppressive reasons, or an action is brought to harass or embarrass the defendant. The principle is sometimes referred to as the "bad-faith exception" to the "American Rule" against fee-shifting. The bad-faith exception to the "American Rule" comes directly from the court's inherent authority to sanction willful violations of its rules.
>
> Bad faith, vexation, wantonness, or oppression, such as will warrant imposition of sanctions against the losing party often relates to the filing and maintaining of an action. However, the bad–faith exception for an award of attorney's fees is not restricted to a case where an action is filed in bad faith. Bad faith may be found not only in actions that lead to a lawsuit but also in the conduct of the litigation, so that while the presence of merit in a claim or defense may negate any finding of bad faith in the filing, it cannot justify abuse of the judicial process in the method of prosecution. A finding of bad faith required for the imposition of sanctions under the federal district court's inherent powers is warranted where an attorney knowingly or recklessly raises a frivolous argument, argues a meritorious claim for the purpose of harassing an opponent, or delays or disrupts litigation or hampers the enforcement of a court order.
>
> For purposes of imposing sanctions under the inherent power of the district court, a finding of bad faith does not require that the legal and factual basis for an action prove totally frivolous.

*See also*, 77 A.L.R. Fed. 789 (originally published in 1986); and 5A Fed. Prac. & Proc. Civ. 3d § 1336.

The district courts in Georgia have recognized this authority as well. In *Flannagan v. GCG Trucking*, 2003 WL 1288135 (S.D.Ga. 2007), Judge Alaimo found as follows:

> The federal judicial system operates under the "American Rule." Under this rule, each litigant typically bears responsibility for his own attorneys' fees. *Travelers Cas. and Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 127 S.Ct. 1199, 1203 (March 20, 2007). One of the exceptions to the American Rule, however, is found in the Court's "inherent power" to assess attorneys' fees and expenses. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir.2001).
>
> This inherent power, however, must fall within three narrowly defined circumstances and, because of their "potency," inherent powers must be exercised with "restraint and discretion." *Amlong & Amlong, P.A. v. Denny's, Inc.,* 457 F.3d 1180, 1202 (11th Cir.), *reh'g & reh'g en banc denied,* --- F.3d ---- (11th Cir. Dec 14, 2006) (quoting *Chambers,* 501 U.S. at 44, 111 S.Ct. 2123). The three narrowly defined circumstances under which a court possesses inherent power to impose attorney's fees are: (1) as part of the common fund exception; (2) as a sanction for the "willful disobedience of a court order"; and (3) "**when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons**." *Pedraza v. United Guar. Corp.,* 313 F.3d 1323, 1335 (11th Cir.2002) (quoting *Chambers,* 501 U.S. at 45-46, 111 S.Ct. 2123). (emphasis supplied)

Clearly, this Court has the inherent authority to sanction conduct that rises to the level of bad faith, vexaciousness. This is a classic example of such conduct that needs this Court's attention.

In addition to the inherent authority of the Court, statutory authority exists for this Court to address and sanction the conduct of Objectors'/Appellants' counsel, named and unnamed. 28 U.S.C.A. § 1927 reads as follows:

> Any attorney or other person admitted to conduct cases' in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

What is the nature and purpose of § 1927 Sanctions? Legal scholars have addressed this issue, to wit:

> 28 U.S.C.A. § 1927 authorizes the court to require any attorney or other person admitted to conduct cases in any court of the United States who multiplies the proceedings unreasonably and vexatiously to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. In its original version, § 1927 imposed liability only for excess costs and expenses, which rarely involved significant sums. Since 1980, when § 1927 was amended by adding attorneys' fees as part of the sanction the court may impose, much greater use has been made of § 1927, both by parties and by federal courts, in response to improper conduct by attorneys. See, e.g., *Oliveri v. Thompson*, 803 F2d 1265 (2nd Cir NY 1986) cert den *Suffolk County v. Graseck*, 480 US 918, 107 SCt 1373, 94 LE2d 689 (1987). Section 1927 does not create an independent cause of action in favor of a party incurring excess expenses as a result of improper conduct by an attorney, but authorizes imposition of sanctions in the action giving rise to the claim. See, e.g., *Wielgos v. Commonwealth Edison Co.,* 688 FSupp 331 (ND Ill 1988) [request for sanctions should be made by motion in underlying action]. Ordinarily, § 1927 sanctions are sought by motion or may be imposed by the court *sua sponte*.

*See also*, COA Action Guide, attached hereto as Exhibit "4."

Judge Carnes, in *Lexington National Bail Services, Inc. v. Spence*, 2207 WL 951767 (N.D.Ga.) utilized this statute to impose sanctions on counsel for bad faith. In her decision, Judge Carnes found as follows:

13

This statute was designed to sanction attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith." *Schwartz v. Million Air, Inc.*, 341 F. 3d 1220, 1225 (11th Cir. 2003) (citing *Malautea v. Suzuki Motor Co.*, Ltd., 987 F. 2d 1536, 1544 (11th Cir. 1993), quoting *Avirgan v. Hull*, 932R.2d 1572, 1582 (11th Cir. 1991)).  Under § 1927, attorneys who engage in unreasonable and vexatious conduct that multiplies court proceedings may be sanctioned in an amount not exceeding the costs occasioned by the objectionable conduct. FN2 *Schwartz*, 341 F.3d at 1225 (citing *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th cir. 2001), amended on reh'g, 311 F.3d 1077 (11th Cir. 2002)).  Most importantly, bad faith is the "touchstone" of § 1927 sanctions. *Id.*

…

FN2.  A District Court may impose § 1927 sanctions on a *sua sponte* basis. See *Hashemi v. Campaigner Publ'ns, Inc.*, 784 F.2d 1581, 1584 (11th Cir. 1986).

Plaintiffs believe that the conduct by Objectors/Appellants and their counsel, named and unnamed, rise to a level of fraud on the Court.  Courts have consistently held that the inherent powers of this Court allow it to investigate, expose, punish and prevent fraud on the Court.  For example, the 11th Circuit has recently found that:

> "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions.  *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993).  A court also has the power to conduct an independent investigation to determine whether it has been the victim of fraud.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed. 2d 27 (1991); *see also In re E.I. DuPont Nemours & Company-Benlate Litigation,* 99 F.3d 363, 367 (11th Cir. 1996) (concluding that district court had jurisdiction to conduct an independent civil action for sanctions based upon allegations of fraud in another case)."

*Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332.

This continued effort to insulate Mr. Bacharach from this Court and the ongoing efforts by Objectors/Appellants and their counsel to hold up this class and

14

their rights to recover under the settlement, amount to a fraud on this Court. The Plaintiff Class request this Court's attention to put a stop to this and to prevent it from reoccurring.

### CONCLUSION

For the reasons set forth herein, the Plaintiff Class respectfully requests this Court to issue a Show Cause Order setting for hearing the Objectors/Appellants' Stay Motion and the Plaintiffs' response and request for sanctions. The only way this Court can get to the bottom of this conduct is to require not only the Objectors, Meredith Whittington-Bacharach and Taren Hill to appear at such a hearing, but Mr. Bacharach as well. Allowing Mr. Baynham alone to appear when he has professed ignorance to the conduct of Mr. Bacharach (yet continues to operate as his surrogate) only fortifies this improper conduct. The Plaintiff Class respectfully requests this Court to issue this Order to appear, under penalty for sanctions for not appearing as expeditiously as possible.

Respectfully submitted this the 13th day of August 2007.

**POPE, MCGLAMRY, KILPATRICK MORRISON & NORWOOD, LLP**

*/s/Michael L. McGlamry*
C. Neal Pope, Esq.
Georgia Bar No. 583769
Wade H. Tomlinson, III, Esq.
Georgia Bar No. 714605
1111 Bay Avenue, Suite 450
Columbus, Georgia  31901

(706) 324-0050
(706) 327-1536 (Facsimile)

Michael L. McGlamry, Esq.
Georgia Bar No. 492515
The Pinnacle, Suite 925
3455 Peachtree Road, N.E.
Atlanta, Georgia  30326-3243
(404) 523-7706
(404) 524-1648 (Facsimile)

**BATTLE FLEENOR GREEN WINN
   & CLEMMER LLP**
Wilson Green, Esq.
The Financial Center
505 North 20th Street, Suite 1150
Birmingham, AL 35203
(205) 397-8160
(205) 397-8179 (Facsimile)

Arthur R. Miller, Esq.
Areeda Hall 225
Harvard Law School
Cambridge, MA  02138

Attorneys for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 5.4(D), and Local Rule 5.1(B), Plaintiffs certify that this document is prepared in font Times New Roman 14 Point.

*/s/Michael L. McGlamry*
Georgia Bar No. 492515

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13th, 2007, I electronically filed the foregoing Plaintiffs' Response In Opposition To Motion For Stay And Request For Interim Order And Request For Sanctions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

A. Stephens Clay
Craig E. Bertschi
Cindy D. Hanson
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4536

McKENNA LONG &
  ALDRIDGE LLP
Phillip A. Bradley
Samantha M. Rein
303 Peachtree Street, Suite 5300
Atlanta, Georgia  30308

Frederick Brown
GIBSON, DUNN &
  CRUTCHER, LLP
One Montgomery Street
San Francisco, California  94104
fbrown@gibsondunn.com

Kenneth M. Kliebard
Todd L. McLawhorn
HOWREY SIMON ARNOLD &
WHITE, LLP
321 North Clark Street, Ste 3400
Chicago, IL 60610-4714

Thomas E. Baynham, III
P.O. Box 907
115 N. 6th Street
Griffin, Georgia  30223
(Counsel for Meredith Whittington
and Taren Hill)

This 13th day of August 2007.

                                                     /s/Michael L. McGlamry
                                                     Attorney for Plaintiffs